IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>MACROPHAGE, INC.,<br><br>    Debtor | HON. JEROME B. SIMANDLE<br><br>Civil No. 06-3793 (JBS)<br><br>Civil No. 06-3794 (JBS) |
| GEOFFREY L. STEIERT,<br><br>    Appellant,<br> v.<br><br>GIULIANO, MILLER & COMPANY,<br>LLC, et al.,<br><br>    Appellees. | ON APPEAL FROM ORDERS OF THE<br>UNITED STATES BANKRUPTCY COURT FOR<br>THE DISTRICT OF NEW JERSEY<br><br>Sat Below:<br>Judge Gloria M. Burns<br>[Case No. 01-14740] |
| GEOFFREY L. STEIERT,<br><br>    Appellant,<br> v.<br><br>JOSEPH D. MARCHAND, ESQ.,<br><br>    Appellee. | **OPINION** |

APPEARANCES:

Geoffrey L. Steiert
4 Lassen Court
Voorhees, NJ 08043
 Appellant pro se

Joseph D. Marchand, Esq.
117-119 West Broad Street
P.O. BOX 298
Bridgeton, NJ 08302
 Appellee/Trustee

## I. INTRODUCTION

This matter is before the Court upon appeal from two Orders of the Bankruptcy Court taken by the Appellant, Geoffrey L.

Steiert, pro se. In his first appeal, Appellant disputes the correctness of the U.S. Bankruptcy Court Judge Gloria Burns' March 2, 2006 Order [Civil No. 06-3793 Docket Item 1-2], which awarded fees and disbursements to Giulano, Miller & Co., accountants for the Bankruptcy Trustee Joseph Marchand. In his second appeal, Appellant disputes the Bankruptcy Court's March 15, 2006 Order, which reduced his general unsecured non-priority claim to $40,000. [Civil No. 06-3794 Docket Item 1-2.][1]

The district court has jurisdiction to review orders entered by the bankruptcy court pursuant to 28 U.S.C. § 158. For the reasons explained below, the Court shall affirm the decisions of the Bankruptcy Court.

## II. WHETHER THE BANKRUPTCY COURT ABUSED ITS DISCRETION BY AWARDING ACCOUNTANT FEES & COSTS

---

[1] Also pending before the Court is a motion to limit the issues on appeal, filed by the Appellee, Trustee Joseph Marchand. [Civil No. 06-3794 Docket Item 12.] On January 4, 2007, this Court entered an Order [Civil No. 06-3794 Docket Item 15] that provided Appellant ten additional days to oppose that motion, even though the opposition was actually due in mid-November 2006. As of this late date, Appellant still has not opposed the motion and the Court has not enlarged his time to do so, nor would it. Therefore, the Court having considered the motion and it being unopposed, the Court shall grant Appellee's motion to limit issues and exhibits on appeal and shall confine its consideration of this appeal to two questions: (1) whether the Bankruptcy Court abused its discretion by awarding fees to the accountants who reviewed the claims submitted against the estate and (2) whether the Bankruptcy Court erred by reducing the amount of Appellant's claim to $40,000. It is appropriate for the Court to apply this ruling to both cases because Appellant filed the same brief in both cases and inappropriately raised additional issues, which the Court shall not review.

## A.   Background

The accounting firm of Giulano, Miller & Company, LLC ("Giulano" or "accountants"), was appointed to assist the Trustee in the bankruptcy action below.  Accordingly, these accountants filed tax returns, reviewed proofs of claim, and prepared for trial regarding Appellant's submitted claim.  Giulano's work resulted in a significant reduction of claims submitted against the estate – from over $6 million to approximately $600,000.  The accountants filed a fee application with the Bankruptcy Court seeking payment for their services pursuant to 11 U.S.C. § 330 (a)(1)(A) and Appellant objected.[2]  Judge Burns held a hearing on February 28, 2006 and on March 2, 2006 awarded Giulano $16,979.50 in fees and $603.57 in expenses.  Appellant contests this payment again in his appeal to this Court of Judge Burns' decision.

## B.   Standard of Review

11 U.S.C. § 330(a) permits the Bankruptcy Court to award compensation to accountants and other professionals who are employed by the bankruptcy trustee to assist with the trustee's duties:

> (1) After notice to the parties in interest
> and the United States Trustee and a hearing,
> and subject to [11 U.S.C. §§ 326, 328, and

---

[2]  This was the third fee application by Giulano and the only one to which Appellant objected.  It was also the application that covered the accountants' work to determine that a large portion of Appellant's claim against the estate was improper.

> 329], the court may award to ... a professional person employed under section [11 U.S.C. § 327 or 1103]--
>
>> (A) reasonable compensation for actual, necessary services rendered by the . . . professional person . . . ; and
>> (B) reimbursement for actual, necessary expenses.
>
> (2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.
>
> (3) In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
>> (A) the time spent on such services;
>> (B) the rates charged for such services;
>> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title [11 U.S.C. §§ 101 et seq.];
>> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

>    (4)
>       (A) Except as provided in subparagraph
>       (B), the court shall not allow
>       compensation for--
>           (i) unnecessary duplication of
>           services; or
>           (ii) services that were not--
>               (I) reasonably likely to
>                benefit the debtor's estate;
>                or
>                (II) necessary to the
>                administration of the case.
>       (B) In a chapter 12 or chapter 13 case
>       in which the debtor is an individual,
>       the court may allow reasonable
>       compensation to the debtor's attorney
>       for representing the interests of the
>       debtor in connection with the bankruptcy
>       case based on a consideration of the
>       benefit and necessity of such services
>       to the debtor and the other factors set
>       forth in this section.
>
>    (5) The court shall reduce the amount of
>    compensation awarded under this section by
>    the amount of any interim compensation
>    awarded under section 331, and, if the amount
>    of such interim compensation exceeds the
>    amount of compensation awarded under this
>    section, may order the return of the excess
>    to the estate.

11 U.S.C. §§ 330(a)(1)-(5).

As another District of New Jersey decision has cogently explained, this leaves the decision whether to award compensation to professionals to the discretion of the bankruptcy court.

> Compensation orders present matters committed
> to the bankruptcy court's discretion.
> Decisions committed to the discretion of the
> bankruptcy court are reviewed for abuse of
> discretion. In re Martin, 91 F.3d 389, 393
> (3d Cir. 1996); In re B H & P, Inc., 949 F.2d
> 1300, 1313 (3d Cir. 1991); In re Halvajian,

> 216 B.R. 502, 508 (D.N.J. 1998). "An abuse of discretion involves 'a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact.'" Valenti v. Mitchell, 962 F.2d 288, 299 (3d Cir. 1992) (quoting International Union, UAW v. Mack Trucks, Inc., 820 F.2d 91, 95 (3d Cir. 1987)); see In re Integrated Resources, Inc., 157 B.R. 66, 72 (S.D.N.Y. 1993); In re AM Int'l, Inc., 67 B.R. 79, 81 (N.D. Ill. 1986). Questions of law are reviewed de novo. General Motors Acceptance Corp. v. Jones, 999 F.2d 63, 66 (3d Cir. 1993) (citation omitted). Bankruptcy Court findings of fact will be set aside only if clearly erroneous. In re Stendardo, 991 F.2d 1089, 1094 (3d Cir. 1993); Fed. R. Bankr. 8013.

United States Trustee v. Cain (In re Lan Assocs. XI, L.P.), 237 B.R. 49, 54 (D.N.J. 1998). The Third Circuit has explained that bankruptcy judges should not waste their precious time poring over fee applications:

> "It ... is not our intention that the inquiry into the adequacy of the fee assume massive proportions, perhaps even dwarfing the case in chief." Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp., 540 F.2d 102, 116 (3d Cir. 1976) [(en banc)]. Because its time is precious, the reviewing court need only correct reasonably discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled.

In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 845 (3d Cir. 1994).

Thus, this Court reviews the Bankruptcy Court's award of fees to the accountants, pursuant to 11 U.S.C. § 330, for abuse of discretion.

6

**C.   Discussion**[3]

This Court determines that there was no clearly erroneous finding of fact, errant conclusion of law or improper application of law to fact with regard to the Bankruptcy Court's decision to award the requested fees, with a small reduction, to the accountants.  In determining that it was reasonable and appropriate to grant Giulano the fees, Judge Burns properly weighed the factors suggested by 11 U.S.C. § 330(a)(3).

In resolving Appellant's objection to the amount of time spent of the services billed, 11 U.S.C. § 330(a)(3)(A) and (D), Judge Burns reduced the number of hours to be compensated, resulting in a $365.50 reduction in the permitted fees, to account for an excessive amount of time the accountants spent searching for records.  (Tr. at 15-16.)[4]  Otherwise, Judge Burns found the time spent and services performed to be necessary and appropriate.  This was not error.

---

[3]  The Court notes that although Appellant's notice of appeal in this case indicates that he sought review of the Bankruptcy Court's decision to award Giulano fees on its third application, that issue is not raised in Appellant's brief in this case.  Therefore, in this appeal, Appellant has not highlighted any aspect of Judge Burns' decision on this issue that he believes to be an abuse of discretion or otherwise in error.  Nevertheless, in consideration of Appellant's pro se status, the Court shall review Judge Burns' decision, challenged by the fact of the appeal, to ensure it was appropriate.

[4]  "Tr." refers to the transcript of March 2, 2006, which contains the oral Opinions of Judge Burns on both Orders appealed here.

As to the rates charged, Judge Burns explained that the Third Circuit counsels her to look at prevailing market rates of similarly qualified professionals. See In re Busy Beaver, 19 F.3d 833; 11 U.S.C. § 330(a)(3)(F). In so doing, she determined that the rates charged by the accountants were reasonable as compared to other experienced accountants who appear in Bankruptcy Court in this jurisdiction. She also noted that the accountants delegated tasks to avoid overcharging:

> Eight members of the firm worked on the matter in varying degrees with hourly rates from $85 to $315 [per hour]. Only four and a half hours were charged at $315 for Mr. Giulano while 24.2 hours were at rates below $200 an hour. The bulk of the time was spent by [CPA] Donna Miller whose hourly rate is $240 an hour.

(Tr. at 14.) Judge Burns noted that the accountants were "certified public accountants," see 11 U.S.C. § 330(a)(3)(E), and that "an effort was made for lower rated individuals to perform significant services." (Tr. at 14.) Ultimately, therefore, she determined that the requested rate was reasonable. There was no error in this determination.

The Bankruptcy Court also properly determined that the work the accountants performed provided a benefit to the estate. See 11 U.S.C. § 330(a)(3)(C). Judge Burns found that prior to the services rendered by the accountants, there were absolutely no assets in the estate. "All of the assets of the estate were

8

recovered by the trustee with the assistance of his professionals [(the accountants)] in amounts exceeding $300,000. It would be hard to point to a case in which the . . . trustee and his professionals were more beneficial to the estate." (Tr. at 14-15.) The facts in evidence supported this finding and there was no error in this determination.

Thus, because Judge Burns undertook the proper analysis in determining whether and how much in fees to award to the accountants, and the Court cannot discern any "clearly erroneous finding of fact, [] errant conclusion of law, or [] improper application of law to fact," <u>Valenti v. Mitchell</u>, 962 F.2d 288, 299 (3d Cir. 1992), Judge Burns did not abuse her discretion when she awarded the accountants $16,979.50 in fees and $603.57 in expenses. Thus, the decision from which appeal is taken in Civil No. 03-3793 will be affirmed.

**V.    WHETHER REDUCING APPELLANT'S CLAIM WAS CLEARLY ERRONEOUS**

**A.    Background**

The briefing filed in these appeals and the history of this Bankruptcy litigation indicate that Appellant's principal complaint is that the Bankruptcy Court reduced his claim against the estate from $400,000 to $40,000. According to the well-supported findings of the Bankruptcy Court, the facts are as follows.

9

Macrophage, Inc. is the debtor in this matter and was a subchapter S corporation, with William and Kathleen Schroeder as the officers and shareholders.  The Schroeders used the debtor corporation to process funds that they solicited from investors as part of a scheme to defraud people, which was perpetrated by Charles McCormick.  (Tr. at 4.)  Although the Schroeders denied knowledge of the fraud, they solicited money from many people who lost significant sums.  Mr. McCormick also controlled two other entities, Mata Services, Inc. and Ki Digital, Inc.  Ki Digital was placed in receivership and Macrophage, Inc. filed a Chapter 7 petition in the United States Bankruptcy Court on May 4, 2001.

Appellant Geoffrey Steiert was one of the defrauded investors.  He submitted a claim to the trustee in this action for $417,150, including $20,000 in costs.[5]  Appellant claimed that he tendered his money to the Schroeders at the Macrophage offices and made his checks payable to Macrophage or to its alter egos, as the Schroeders directed.  He claimed that he individually invested $289,000 in Macrophage; that his holding company, Healing Touch, Inc. invested $45,000; that another holding company Franklin & McKinley, Inc. invested $6,000; and that his IRA invested $57,150. (Bankr. Doc. 201.)  Appellant has

---

[5] Although Appellant did not properly or timely file his claim with the Bankruptcy court, Judge Burns nevertheless considered it. (Tr. at 5.)

already settled his claims with the receiver of Ki Digital, Inc. (Id.)

In support of his $417,150 claim against the bankrupt Macrophage estate, Appellant claimed $20,000 in "costs" and submitted several checks made payable to Mata Services, Inc. or Ki Digital, totaling $357,150. He also produced records of two checks to Macrophage, for $20,000 each.

Certified Public Accountant Donna Miller testified on behalf of the trustee. She explained that she reviewed the books and records of the debtor, Macrophage, in considering claims of the estate. Macrophage had one bank account and only $40,000 was paid to and deposited into that account from Appellant. Ms. Miller testified that she also located two checks Macrophage paid to him for $22,240 and that there was some evidence an additional $50,000 was paid to someone on his behalf, thereby leading her to conclude that his claim should be zero. However, Ms. Miller also admitted that she could find no evidence of this $50,000 repayment in Macrophage's bank account or records. In addition, Appellant offered unrebutted testimony that the $22,240 payment was a return on an unrelated investment.

In determining the proper amount of Appellant's claim, Judge Burns considered this evidence and looked to 11 U.S.C. § 502(a). She found that Appellant satisfied his initial burden of showing a prima facie claim but that the attorney for the trustee also

11

met his burden to negate the validity of the claim. Specifically, although Appellant provided evidence that he loaned $397,150 to the Schroeders with checks payable to various entities, Ms. Miller's testimony provided evidence that only $40,000 actually went to the debtor, Macrophage. Therefore, Judge Burns explained, the burden shifted back to Appellant to prove his claim by a preponderance of the evidence.

Appellant did not do this and instead argued, as he does here, that the law should treat the assets of all the Schroders' entities as available for Macrophage's debts to him – that is, that the courts should pierce the corporate veil between these entities. Appellant provided no evidence that funds were transferred between these entities without documentation and the record shows that the entities kept detailed separate accounting records. No other claimants brought motions to consolidate or pierce the corporate veil. Further, the Bankruptcy Court explained, it would be unjust to permit Appellant, who had already resolved his claims with Ki Digital, to merge his claim against Macrophage with any claims against the other entities as all other debtors treated these entities as separate.

Therefore, Judge Burns permitted Appellant's $40,000 claim against Macrophage. In addition, because Appellant could cite no legal basis for reimbursing his "costs," Judge Burns did not

12

permit the recovery of $20,000 in costs that Appellant sought below.

### B.  Discussion

As explained above, this Court reviews factual determinations of the Bankruptcy Court for clear error.  Fed. R. Bankr. 8013.  The determination that Appellant's claim against Macrophage was worth $40,000 is a factual determination well supported by the record and by the Bankruptcy Court's articulated reasoning.  Therefore, this Court shall not disturb it.

To the extent that Appellant argues the Bankruptcy Court committed a legal error by failing to cumulate his claims against the other Schroeder entities, that is a legal argument which this Court reviews de novo.  In re Sharon Steel Corp., 871 F.2d 1217, 1222-23 (3d Cir. 1989).  "To the extent that a question presented before the bankruptcy court is one of law, we must exercise plenary review.  Where there are mixed questions of law and fact, this Court must break down these questions and apply the appropriate standard to each component."  First Western SBLC, Inc. v. Mac-Tav, Inc., 231 B.R. 878, 881 (D.N.J. 1999) (citations omitted).

Appellant relies on two principal allegations to support his claim that the Bankruptcy Court should have accounted for all his investments to Schroeder companies in determining Macrophage's liabilities to him.  First, Appellant argues that the Schroeders

13

were the principals of Macrophage and Mata Services, Inc. Second, Appellant argues that another court has already determined that Macrophage was created for the purpose of fraudulently soliciting funds for the purchase of Mata Services promissory notes. (Steiert Br. at 18.)  Thus, although he cites no law that supports his position, he appears to be arguing for substantive consolidation of the estates, as described at length in <u>In re Owens Corning</u>, 419 F.3d 195, 205 (3d Cir. 2005).

The Court of Appeals explained that substantive consolidation is an "equitable" remedy to be used "sparingly." <u>Id.</u> at 208-09.  "In our Court what must be proven (absent consent) concerning the entities for whom substantive consolidation is sought is that (i) prepetition they disregarded separateness so significantly their creditors relied on the breakdown of entity borders and treated them as one legal entity, or (ii) postpetition their assets and liabilities are so scrambled that separating them is prohibitive and hurts all creditors." <u>Id.</u> at 211.

Judge Burns implicitly considered these factors when she noted that Appellant was the only creditor seeking to pierce through Macrophage to another entity, thus indicating that creditors did not treat them as one legal entity.  Secondly, Judge Burns noted that Appellant's claims against these separate entities were discernible from the separate books and bank

accounts they kept and that there was no indication money was transferred between them without documentation, thus establishing that postpetition the assets of the entities were not so scrambled as to prohibit accountants from separating them.  Nor, upon this Court's review of the record, does it come to a different conclusion applying <u>de</u> <u>novo</u> review.  The Bankruptcy Court's determination from which appeal is taken in 06-3794 will be affirmed.

## VI.  CONCLUSION

For the foregoing reasons, the Court shall affirm the decisions of the Bankruptcy Court.  An appropriate Order shall be entered.


**March 2, 2007**                                    **s/ Jerome B. Simandle**
Date                                                 JEROME B. SIMANDLE
                                                     U.S. District Judge