```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| In re:<br><br>MACROPHAGE, INC.,<br><br>　　　　　　Debtor | HON. JEROME B. SIMANDLE<br><br>Civil No. 06-3793 (JBS)<br><br>Civil No. 06-3794 (JBS) |
| GEOFFREY L. STEIERT,<br><br>　　　　　　Appellant,<br>　　v.<br><br>GIULIANO, MILLER & COMPANY,<br>LLC, et al.,<br><br>　　　　　　Appellees. | ON APPEAL FROM ORDERS OF THE<br>UNITED STATES BANKRUPTCY COURT FOR<br>THE DISTRICT OF NEW JERSEY<br><br>Sat Below:<br>Judge Gloria M. Burns<br>[Case No. 01-14740] |
| GEOFFREY L. STEIERT,<br><br>　　　　　　Appellant,<br>　　v.<br><br>JOSEPH D. MARCHAND, ESQ.,<br><br>　　　　　　Appellee. | **MEMORANDUM OPINION** |

**Simandle, District Judge:**

　　This matter is before the Court on Appellant Steiert's motion for an extension of time to file a motion for reconsideration and his motion for reconsideration of this Court's March 2, 2007 Opinion and Order granting Appellee's motion to limit the issues on appeal to those raised in the notices of appeal and denying Appellant's bankruptcy appeals in the two cases captioned above. The Court shall grant the extension of time but, for the reasons explained below, deny the motion for reconsideration:

1.   Local Civil Rule 7.1(i) of the United States District Court, District of New Jersey, governs the instant motion for reconsideration.  This rule requires that the moving party set forth the factual matters or controlling legal authority that it believes the court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked.  DeLong Corp. v. Raymond Int'l, Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).  The purpose of a motion for reconsideration "is to correct manifest errors of law or present newly discovered evidence."  Harsco Corp. v. Zlotnick, 779 F.2d 906, 909 (3d Cir. 1985), cert denied, 476 U.S. 1171 (1986).  Reconsideration is not warranted when the moving party simply recapitulates the cases and arguments considered by the court prior to rendering its initial decision.  Carteret Sav. Bank v. Shushan, 721 F. Supp. 705, 706-07 (D.N.J. 1989).  The party seeking reconsideration must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café ex

rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

    2. In support of his motion for reconsideration of this Court's decision to grant the motion to limit the issues on appeal, Appellant argues that the Court erred by refusing to examine the entire record from the Bankruptcy Court. Appellant misunderstands the Court's ruling, which merely limited the issues this Court would consider on appeal and did not, as he contends, somehow obliterate the record. As the Court explained in its March Opinion, Appellee's motion to limit the issues on appeal was then pending before the Court for more than four months. This Court took every reasonable step to ensure it could receive a response from Appellant on that motion. That response never came:

> On January 4, 2007, this Court entered an Order [Civil No. 06-3794 Docket Item 15] that provided Appellant ten additional days to oppose that motion, even though the opposition was actually due in mid-November 2006. As of this late date, Appellant still has not opposed the motion and the Court has not enlarged his time to do so, nor would it. Therefore, the Court having considered the motion and it being unopposed, the Court shall grant Appellee's motion to limit issues and exhibits on appeal and shall confine its consideration of this appeal to two questions: (1) whether the Bankruptcy Court abused its discretion by awarding fees to the accountants who reviewed the claims submitted against the estate and (2) whether the Bankruptcy Court erred by reducing the amount of Appellant's claim to $40,000.

In re Macrophage, Inc., Nos. Civ. 06-3793 (JBS), Civ. 06-3794 (JBS), slip op. at 1, n.1., 2007 WL 708926 (D.N.J. March 2, 2007).

3. Nevertheless, Appellant argues the Court overlooked the essential fact that he had been writing to the Court requesting more time. What actually occurred was that sometime in February Appellant wrote to the Court informally requesting additional time to explain why he needed additional time to oppose. Nevertheless, by that time Appellant's time and extension of time had long expired and he gave the Court no indication that he was acting in good faith. For example, his correspondence gave no indication why he had not already complied with the Court's order. As the Court explained in its March Opinion, the Court would not have enlarged his time to oppose that motion, yet again, because it would unduly delay the Court's ability to determine what the issues were in these appeals. Id. Indeed, nearly one month after Appellant indicated that he needed an extension of time to explain why he needed more time to oppose the motion to limit issues on appeal, no valid explanation or actual opposition materialized. Nor does Appellant raise any argument here that would cause the Court to reconsider its ruling on Appellee's motion.

4. Appellant claims that the Court's failure to mention his attempts at delaying the proper adjudication of his appeals

somehow entitles him to reconsideration of the Court's decision to grant the motion to limit the issues on appeal.  However, Appellant's belated requests for an extension of time had no impact on the Court's decision.  First, Appellant still comes forward with no valid basis why the Court should not have limited the issues on appeal; presumably had he oppposed, he would have merely raised the arguments he does here.  Second, the Court merely limited the issues on appeal to the issues identified in Appellant's notices of appeal.  The motion was Appellee's good faith attempt to preclude Appellant from improperly raising issues that he did not appeal, merely by mentioning them in his briefs and other informal submissions to the Court.  The Court did not and would not have considered issues outside those formally appealed by Appellant's notices, and therefore no basis exists for granting reconsideration of that decision.  It was not, as Appellant believes, merely a decision by default.  For all these reasons, the Court shall deny the motion for reconsideration as to the decision to grant Appellant's motion to limit the issues on appeal.

  5. Appellant also seeks reconsideration of this Court's decision to affirm the Bankruptcy's decision to grant certain accountant's fees.  As the Court explained in its March Opinion, that decision was within the discretion of the Bankruptcy Court and this Court found no abuse of discretion.  Appellant seems to

argue on reconsideration that the Court should have reviewed the decision de novo and reached a different conclusion.  However, Appellant fails to identify any fact or law that this Court overlooked in determining that there was no abuse of discretion.  Therefore, reconsideration of this decision will also be denied.

    6.  Appellant also seeks reconsideration of the Court's determination that the Bankruptcy Court's decision to reduce his claim was not clearly erroneous.  Appellant argues that the Court failed to properly cite the portions of the record that supported the Court's findings.  This is incorrect.  Appellant also argues that the Court should have instead looked at another Bankruptcy case to determine the actual factual background of this case.  This is wrong; in reviewing whether a Bankruptcy Judge ruled erroneously in a particular case, this District Court must look at the record of that case, as it did.  It reviewed factual determinations for clear error and legal determinations de novo, and affirmed Judge Burns's careful decision.  Because Appellant raises no meritorious argument that merits reconsideration of this Court's holding that the Bankruptcy Court did not err by reducing his claim on the estate, the Court shall deny the motion for reconsideration as to this aspect of its March Opinion as well.

    7.  The Court sympathizes with the frustration Appellant must feel because he believes he was defrauded by a now bankrupt

entity that cannot provide him all of his money back.  However, the Bankruptcy Judge's decisions were equitable, especially in light of Appellant's extreme delay in even making a claim on this estate.  The orderly distribution of the estate must commence at some time, and the Court sympathizes with the other creditors, as well, who are equally entitled to their shares.

    8.   For all these reasons, the motion for reconsideration is denied in full and an accompanying Order shall be entered.


**November 13, 2007**　　　　　　　　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　　U.S. District Judge